1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFONZO ROJAS-TENA, | Case No.  1:13-cv-00488-LJO-SAB-HC |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS |
| v. | |
| MICHAEL L. BENOV, | (ECF No. 26) |
| Respondent. | |

Petitioner was formerly in the custody of the Federal Bureau of Prisons (BOP) proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent is represented in this action by Melanie L. Alsworth of the Office of the United States Attorney for the Eastern District of California.

## I.

## BACKGROUND

Petitioner was in the custody of the BOP at the Taft Correctional Institution located in Taft, California, pursuant to a judgment of the United States District Court, District of Idaho, for conspiracy to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1).  Petitioner was sentenced to serve a determinate prison term of seventy months in federal prison.  (Motion to Dismiss, Ex. 1, ECF No. 13).

On April 4, 2013, Petitioner filed the instant petition for writ of habeas corpus in this

1

Court.  Petitioner challenges a disciplinary proceeding, in which he was found guilty of possession of stolen property and sanctioned with a loss of twenty-seven days of good conduct credits and six months of commissary privileges.

On October 22, 2013, this Court entered an order adopting the findings and recommendation to dismiss the petition for writ of habeas corpus. (ECF No. 18).  On November 4, 2013, Petitioner filed an appeal with the Ninth Circuit Court of Appeals.  (ECF No. 20).  In February 2014, Petitioner requested that the challenged incident report be reconsidered for code violation 305, Possession of Anything Not Authorized.  (Motion to Dismiss at 2).  On April 30, 2014, Christopher Cruz, a Disciplinary Hearing Officer, conducted a disciplinary rehearing and found that the Petitioner committed the act of Possession of Anything Not Authorized.  (Motion to Dismiss, Ex. 1).  The Ninth Circuit Court of Appeals granted Respondent's unopposed motion for remand and the judgment of the district court was vacated.  (ECF Nos. 23 and 24).

On October 21, 2014, Respondent filed the instant motion to dismiss.  Respondent argues that Petitioner's claims are now moot, because he is no longer serving a sentence and there are no further consequences for his challenged disciplinary proceeding.  Respondent has provided the Court with a copy of Petitioner's Inmate Profile showing that Petitioner was released from the custody of BOP and transferred to the custody of the Immigration and Naturalization Service (INS) on July 17, 2014.  (Motion to Dismiss, Ex. 2).  Therefore, Petitioner is no longer in the custody of which he complains, and the petition is moot. [1]

The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases.  See Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70, 104 S.Ct. 373, 374-75 (1983) (per curiam).  A case becomes moot if "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  Murphy v. Hunt, 455 U.S. 478, 481, 102 S.Ct. 1181, 1183 (1982) (per curiam) (internal citations omitted).  Federal courts are "without power to decide questions that cannot affect the rights of the litigants before them."  North Carolina v. Rice, 404 U.S. 244, 246, 92 S.Ct. 402, 404 (1971) (per curiam).

---

[1] Even if Petitioner was still in the custody of which he complains, the Petition would still be moot because Petitioner received a rehearing for the challenged disciplinary proceeding and his good conduct time was restored.

When a petitioner is released from the custody of which he complains, there is no further relief a habeas court can grant, and the habeas petition is moot.  Picrin-Peron v. Rison, 930 F.2d 773, 776 (9th Cir. 1991).  Therefore, because Petitioner is no longer in custody, the petition is moot.

## II.

## RECOMMENDATION

Accordingly, the Court RECOMMENDS that:

1.  Respondent's motion to dismiss be GRANTED; and

2.  The petition for writ of habeas corpus be DISMISSED as moot.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within fourteen (14) days after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, __ F.3d __, __, No. 11-17911, 2014 WL 6435497, at *3 (9th Cir. Nov. 18, 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).


IT IS SO ORDERED.

Dated:  __**December 22, 2014**__

_____
UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28